Bush, &c., v. Couchman.

---

CASE 66—PETITION ORDINARY—DECEMBER 10.

## Bush, &c., v. Couchman.

APPEAL FROM CLARK CIRCUIT COURT.

CONSTRUCTION OF DEVISE.—Under the bequest by a testator to his wife of "a sum equivalent to the rent of the land derived by her from her father's estate and which I have used or received rent from since it became her property," the widow is entitled to a sum equivalent to the rental value of the land without any deduction on account of taxes paid by the testator or the cost of improvements made by him, as the rent belonged to the testator and there is nothing in the will to indicate that he intended the bequest to be in discharge of any supposed legal or moral obligation relative to the rent.

GEO. B. NELSON FOR APPELLANTS.

1. On the trial of an issue out of Chancery a motion and grounds for new trial were not necessary to save errors occurring on the trial. (Hendrix v. Money, 1 Bush, 309; Moore v. Payne, 7 Dana, 380; Lea v. Beatty, 8 Dana, 207.)

2. A bequest to one of "a sum equivalent to the rent of the land derived by her from her father's estate and which I have used or received rent from since it became her property," includes only such value of rents

as may have accrued at the date of the making of the will and not to the death of the testator.

3. Taxes paid by the testator on the land so held should be deducted from the rental value.

W. M. BECKNER FOR APPELLEE.

The devisee is entitled to a sum equivalent to the rental value of the land without deduction for taxes paid by the devisor or for improvements made by him.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, widow of E. J. Couchman, deceased, sued the appellants, as his executors, to recover the rent of her land which her husband had the use of by virtue of his marriage with the appellee. She claims the right to said rent under the following codicil of the testator's will: "I desire my said wife, in addition to the $3,000 given to her in my will, to have a sum equivalent to the rent of the land derived by her from her father's estate and which I have used or received rent from since it became her property."

The court, in accordance with the verdict of the jury, gave judgment for the appellee for five thousand dollars, as equivalent to the rent of said land from 1876, the year when the testator received the possession of it, until his death. The appellants' objections are that the estimate of the rent ought to have been based upon the idea of net rent after deducting taxes and the value of repairs which the testator paid and placed upon the land after he received it, and that as about five acres of the land were sold by the testator and the appellee the rent for that ought to have been deducted; also, as there was no proof that the testator used or received rent for the land until his death, the recovery should have been confined to the date of the will.

If the appellee was seeking to recover the amount of rent due her from the testator for the use of the land by him, the criterion contended for by the appellants would be the correct one; but such is not the case, for the appellee had no right to the rent; the same belonged to the testator, and the clause quoted does not indicate that he regarded the rent as legally or morally belonging to the appellee and that he intended the devise to her to be in satisfaction of said rent. He had, in the will, devised property to her, and afterwards concluding the amount of the devise was not enough he increased the amount to a sum equivalent to the rent of her land, which he had used or rented out.

The language is, "To have a sum equivalent to the rent of the land derived by her from her father's estate;" then to make it certain what land he meant he says: "and which I have used or received rent from since it became her property." The devising clause, *supra*, says that the donation, not the discharge of a legal or moral obligation as to the payment of rent, should be measured by the rental value of said land. Of course that means the rent not set off by taxes or cost of improvements, because, as said, it is not in discharge of a legal or moral obligation relative to the rent of said land; and the subsequent clause "and which I have used," etc., was evidently intended to identify the land referred to in the devising clause and nothing more. As the will takes effect at the death of the testator and not at the date of the will, unless it appears that it was so intended, and as it does not so appear in this case, it was right to estimate the rent to the time of the death of the testator.

The judgment is affirmed.